# UNITED STATES DISTRICT COURT
# DISTRICT OF DELAWARE

| | |
|---|---|
| RICHARD SCARANTINO, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> PAPA MURPHY'S HOLDINGS, INC., ALEXANDER C. MATINA, BENJAMIN HOCHBERG, DAVID MOUNTS, JEAN M. BIRCH, JOHN SHAFER, KATHERINE L. SCHERPING, NOAH A. ELBOGEN, ROB WEISBERG, WELDON SPANGLER, YOON JIN KIM, MTY FRANCHISING USA, INC., and MTY COLUMBIA MERGER SUB, INC., <br><br> Defendants. | Case No. _____ <br><br> JURY TRIAL DEMANDED <br><br> <u>CLASS ACTION</u> |

**COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934**

Plaintiff, by his undersigned attorneys, for this complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

**NATURE OF THE ACTION**

1. This action stems from a proposed transaction announced on April 11, 2019 (the "Proposed Transaction"), pursuant to which Papa Murphy's Holdings, Inc. ("Papa Murphy's" or the "Company") will be acquired by affiliates of MTY Food Group Inc.

2. On April 10, 2019, Papa Murphy's Board of Directors (the "Board" or "Individual Defendants") caused the Company to enter into an agreement and plan of merger (the "Merger Agreement") with MTY Franchising USA, Inc. ("Parent") and MTY Columbia Merger Sub, Inc. ("Merger Sub," and together with Parent, "MTY"). Pursuant to the terms of the Merger

Agreement, Merger Sub commenced a tender offer (the "Tender Offer") to acquire all of Papa Murphy's outstanding common stock for $6.45 per share in cash. The Tender Offer is scheduled to expire on May 22, 2019.

3. On April 25, 2019, defendants filed a Solicitation/Recommendation Statement (the "Solicitation Statement") with the United States Securities and Exchange Commission ("SEC") in connection with the Proposed Transaction.

4. The Solicitation Statement omits material information with respect to the Proposed Transaction, which renders the Solicitation Statement false and misleading. Accordingly, plaintiff alleges herein that defendants violated Sections 14(e), 14(d), and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Solicitation Statement.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over all claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(e), 14(d), and 20(a) of the 1934 Act and Rule 14a-9.

6. This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper under 28 U.S.C. § 1391 because a substantial portion of the transactions and wrongs complained of herein occurred in this District.

## PARTIES

8. Plaintiff is, and has been continuously throughout all times relevant hereto, the owner of Papa Murphy's common stock.

9. Defendant Papa Murphy's is a Delaware corporation and maintains its principal executive offices at 8000 NE Parkway Drive, Suite 350, Vancouver, Washington 98662. Papa Murphy's common stock is traded on the NasdaqGS under the ticker symbol "FRSH." Papa Murphy's is a party to the Merger Agreement.

10. Defendant Alexander C. Matina is a director of the Company.

11. Defendant Benjamin Hochberg is a director of the Company.

12. Defendant David Mounts is a director of the Company.

13. Defendant Jean M. Birch is Chair of the Board of the Company.

14. Defendant John Shafer is a director of the Company.

15. Defendant Katherine L. Scherping is director of the Company.

16. Defendant Noah A. Elbogen is a director of the Company.

17. Defendant Rob Weisberg is a director of the Company.

18. Defendant Weldon Spangler is Chief Executive Officer and a director of the Company.

19. Defendant Yoo Jin Kim is a director of the Company.

20. The defendants identified in paragraphs 10 through 19 are collectively referred to herein as the "Individual Defendants."

21. Defendant Parent is a Delaware corporation and a party to the Merger Agreement.

22. Defendant Merger Sub is a Delaware corporation, a wholly-owned subsidiary of Parent, and a party to the Merger Agreement.

**CLASS ACTION ALLEGATIONS**

23. Plaintiff brings this action as a class action on behalf of himself and the other public stockholders of Papa Murphy's (the "Class"). Excluded from the Class are defendants herein and

any person, firm, trust, corporation, or other entity related to or affiliated with any defendant.

24. This action is properly maintainable as a class action.

25. The Class is so numerous that joinder of all members is impracticable. As of April 8, 2019, there were approximately 17,029,528 shares of Papa Murphy's common stock outstanding, held by hundreds, if not thousands, of individuals and entities scattered throughout the country.

26. Questions of law and fact are common to the Class, including, among others, whether defendants will irreparably harm plaintiff and the other members of the Class if defendants' conduct complained of herein continues.

27. Plaintiff is committed to prosecuting this action and has retained competent counsel experienced in litigation of this nature. Plaintiff's claims are typical of the claims of the other members of the Class and plaintiff has the same interests as the other members of the Class. Accordingly, plaintiff is an adequate representative of the Class and will fairly and adequately protect the interests of the Class.

28. The prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for defendants, or adjudications that would, as a practical matter, be dispositive of the interests of individual members of the Class who are not parties to the adjudications or would substantially impair or impede those non-party Class members' ability to protect their interests.

29. Defendants have acted, or refused to act, on grounds generally applicable to the Class as a whole, and are causing injury to the entire Class. Therefore, final injunctive relief on behalf of the Class is appropriate.

## SUBSTANTIVE ALLEGATIONS

*Background of the Company and the Proposed Transaction*

30.     Papa Murphy's is a franchisor and operator of the largest "Take 'n' Bake" pizza brand in the United States, selling hand-crafted, fresh pizzas for customers to bake at home.

31.     The Company was founded in 1981 and currently operates over 1,400 franchised and corporate-owned stores in thirty-seven U.S. states, Canada, and the United Arab Emirates.

32.     On April 10, 2019, Papa Murphy's Board caused the Company to enter into the Merger Agreement.

33.     Pursuant to the terms of the Merger Agreement, Merger Sub commenced the Tender Offer to acquire all of the Company's outstanding common stock for $6.45 per share in cash.

34.     According to the press release announcing the Proposed Transaction:

MTY Food Group Inc. ("MTY") (TSX:MTY) and Papa Murphy's Holdings, Inc. ("Papa Murphy's") (NASDAQ:FRSH) today announced they have entered into a definitive merger agreement (the "Merger Agreement") under which MTY would acquire all of the issued and outstanding shares of common stock of Papa Murphy's for cash consideration of US$6.45 per share, representing total transaction value of approximately US$190.0 million (C$253.2 million) (the "Transaction"), including Papa Murphy's net debt outstanding. The purchase price per share of Papa Murphy's common stock implies a premium of 31.9% to the Papa Murphy's closing price on April 10, 2019 and 46.3% to the unaffected Papa Murphy's closing price on November 7, 2018 prior to the announcement by Papa Murphy's that it was conducting a process to explore and evaluate strategic alternatives to maximize shareholder value and had engaged a financial advisor to assist with the review. The terms and conditions of the Merger Agreement were unanimously approved by the boards of directors of both companies. The Transaction is subject to customary closing conditions including receipt of applicable regulatory approvals.

MTY is a leading franchisor in the North American restaurant industry. MTY's multi-concept model allows MTY to position itself across a broad range of demographic, economic and geographic sectors. As at February 28, 2019, its network had 5,941 locations in operation, mostly all franchised, including over 500 locations operating in 39 countries outside North America.

Papa Murphy's is a franchisor and operator of the largest Take 'n' Bake pizza brand and the 5th largest pizza chain in the United States, selling fresh, hand-crafted pizzas ready for customers to bake at home. In addition to scratch-made pizzas, Papa Murphy's offers a growing menu of grab 'n' go items, including salads, sides and desserts. Papa Murphy's was founded in 1981 and operated 1,331 franchised and 106 corporate-owned stores in 37 U.S. states, Canada and the United Arab Emirates as of December 31, 2018. . . .

Transaction Details

Under the terms of the Merger Agreement, a subsidiary of MTY will commence a tender offer to purchase all of the outstanding shares of Papa Murphy's common stock for US$6.45 per share in cash. The closing of the tender offer is subject to customary conditions, including antitrust clearance and the tender of a majority of the outstanding shares of Papa Murphy's common stock. Following successful completion of the tender offer, MTY would acquire all remaining shares not tendered in the offer through a merger at the same price as in the tender offer.

The Transaction is not subject to any financing condition and consideration will be 100% funded in cash. MTY will use its cash on hand and its existing credit facility to fund the cash consideration and to repay Papa Murphy's net debt outstanding as of the close of the Transaction, which today is approximately US$77.4 million.

Pursuant to the terms of the Merger Agreement, Papa Murphy's has agreed that it will not solicit or initiate discussions regarding any other business combination or sale of material assets. MTY has the right to match any superior proposals. The Transaction provides for a termination fee of approximately US$5.7 million payable by Papa Murphy's to MTY in certain circumstances if the Transaction is not completed.

The Transaction is expected to close in the second calendar quarter of 2019. There is no assurance the Transaction will be completed as described above or at all, or that the anticipated closing date will materialize. Following the close of the transaction, Papa Murphy's will be a wholly-owned subsidiary of MTY and will continue to be operated as an independent brand.

Transaction Approvals

The Transaction has been unanimously approved by the board of directors of MTY and has been unanimously approved by the board of directors of Papa Murphy's. Each director and executive officer of Papa Murphy's, cumulatively having beneficial ownership and control over 2.2% of Papa Murphy's shares outstanding, have signed support agreements to tender all of their shares into the offer. Moreover, certain additional Papa Murphy's shareholders having beneficial ownership and control over 49.8% of Papa Murphy's shares outstanding have also signed such agreement to tender all of their shares into the offer. In total, holders

of approximately 52.1% of Papa Murphy's shares have agreed to tender their shares into the offer, subject to potential adjustments in certain circumstances provided in the support agreement. The consummation of the Transaction is conditioned upon the tender of a majority of Papa Murphy's issued and outstanding shares of common stock.

***The Solicitation Statement Omits Material Information, Rendering It False and Misleading***

35. Defendants filed the Solicitation Statement with the SEC in connection with the Proposed Transaction.

36. As set forth below, the Solicitation Statement omits material information with respect to the Proposed Transaction, which renders the Solicitation Statement false and misleading.

37. The Solicitation Statement omits material information regarding the Company's financial projections and the analyses performed by the Company's financial advisor in connection with the Proposed Transaction, North Point Advisors LLC ("North Point").

38. With respect to the Company's financial projections, the Solicitation Statement fails to disclose all line items used to calculate EBITDA.

39. With respect to North Point's *Comparable Precedent Transaction Analysis*, the Solicitation Statement fails to disclose the individual multiples for the transactions observed by North Point in the analysis.

40. With respect to North Point's *Premiums Paid Analysis*, the Solicitation Statement fails to disclose: (i) the transactions observed by North Point in the analysis; and (ii) the premiums paid in the analysis.

41. With respect to North Point's *Discounted Cash Flow Analysis*, the Solicitation Statement fails to disclose: (i) the terminal values for the Company; (ii) North Point's basis for applying multiples ranging from 7.5x EBITDA to 9.5x EBITDA; (iii) the individual inputs and

assumptions underlying the discount rates ranging from 11.4% to 16.4%; and (iv) projected cash flows.

42. The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion. Moreover, when a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

43. The Solicitation Statement also fails to disclose whether the Company entered into any confidentiality agreements that contained standstill and/or "don't ask, don't waive" provisions that are or were preventing the counterparties from submitting superior offers to acquire the Company.

44. Without this information, stockholders may have the mistaken belief that, if these potentially interested parties wished to come forward with a superior offer, they are or were permitted to do so, when in fact they are or were contractually prohibited from doing so.

45. The omission of the above-referenced material information renders the Solicitation Statement false and misleading, including, *inter alia*, the following section of the Solicitation Statement: The Solicitation or Recommendation.

46. The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to the Company's stockholders.

# COUNT I

**(Claim for Violation of Section 14(e) of the 1934 Act Against Defendants)**

47. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

48. Section 14(e) of the 1934 Act states, in relevant part, that:

It shall be unlawful for any person to make any untrue statement of a material fact or omit to state any material fact necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading . . . in connection with any tender offer or request or invitation for tenders[.]

49. Defendants disseminated the misleading Solicitation Statement, which contained statements that, in violation of Section 14(e) of the 1934 Act, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not misleading.

50. The Solicitation Statement was prepared, reviewed, and/or disseminated by defendants.

51. The Solicitation Statement misrepresented and/or omitted material facts in connection with the Proposed Transaction as set forth above.

52. By virtue of their positions within the Company and/or roles in the process and the preparation of the Solicitation Statement, defendants were aware of this information and their duty to disclose this information in the Solicitation Statement.

53. The omissions in the Solicitation Statement are material in that a reasonable shareholder will consider them important in deciding whether to tender their shares in connection with the Proposed Transaction. In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available.

54. Defendants knowingly or with deliberate recklessness omitted the material information identified above in the Solicitation Statement, causing statements therein to be

9

materially incomplete and misleading.

55. By reason of the foregoing, defendants violated Section 14(e) of the 1934 Act.

56. Because of the false and misleading statements in the Solicitation Statement, plaintiff and the Class are threatened with irreparable harm.

57. Plaintiff and the Class have no adequate remedy at law.

## COUNT II

**(Claim for Violation of 14(d) of the 1934 Act Against Defendants)**

58. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

59. Section 14(d)(4) of the 1934 Act states:

Any solicitation or recommendation to the holders of such a security to accept or reject a tender offer or request or invitation for tenders shall be made in accordance with such rules and regulations as the Commission may prescribe as necessary or appropriate in the public interest or for the protection of investors.

60. Rule 14d-9(d) states, in relevant part:

Any solicitation or recommendation to holders of a class of securities referred to in section 14(d)(1) of the Act with respect to a tender offer for such securities shall include the name of the person making such solicitation or recommendation and the information required by Items 1 through 8 of Schedule 14D-9 (§ 240.14d-101) or a fair and adequate summary thereof[.]

Item 8 requires that directors must "furnish such additional information, if any, as may be necessary to make the required statements, in light of the circumstances under which they are made, not materially misleading."

61. The Solicitation Statement violates Section 14(d)(4) and Rule 14d-9 because it omits the material facts set forth above, which renders the Solicitation Statement false and/or misleading.

62. Defendants knowingly or with deliberate recklessness omitted the material information set forth above, causing statements therein to be materially incomplete and

misleading.

63. The omissions in the Solicitation Statement are material to plaintiff and the Class, and they will be deprived of their entitlement to make a fully informed decision with respect to the Proposed Transaction if such misrepresentations and omissions are not corrected prior to the expiration of the tender offer.

64. Plaintiff and the Class have no adequate remedy at law.

## COUNT III

**(Claim for Violation of Section 20(a) of the 1934 Act
Against the Individual Defendants and MTY)**

65. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

66. The Individual Defendants and MTY acted as controlling persons of Papa Murphy's within the meaning of Section 20(a) of the 1934 Act as alleged herein. By virtue of their positions as directors of Papa Murphy's and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Solicitation Statement filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

67. Each of the Individual Defendants and MTY was provided with or had unlimited access to copies of the Solicitation Statement alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

68. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had

the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same. The Solicitation Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction. They were thus directly connected with and involved in the making of the Solicitation Statement.

69. MTY also had direct supervisory control over the composition of the Solicitation Statement and the information disclosed therein, as well as the information that was omitted and/or misrepresented in the Solicitation Statement.

70. By virtue of the foregoing, the Individual Defendants and MTY violated Section 20(a) of the 1934 Act.

71. As set forth above, the Individual Defendants and MTY had the ability to exercise control over and did control a person or persons who have each violated Section 14(e) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934 Act.

72. As a direct and proximate result of defendants' conduct, plaintiff and the Class are threatened with irreparable harm.

73. Plaintiff and the Class have no adequate remedy at law.

## **PRAYER FOR RELIEF**

WHEREFORE, plaintiff prays for judgment and relief as follows:

A. Enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C.     Directing the Individual Defendants to file a Solicitation Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D.     Declaring that defendants violated Sections 14(e), 14(d), and 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

E.     Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

F.     Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

Dated: April 30, 2019

**RIGRODSKY & LONG, P.A.**

By: */s/ Gina M. Serra*
Brian D. Long (#4347)
Gina M. Serra (#5387)
300 Delaware Avenue, Suite 1220
Wilmington, DE 19801
Telephone: (302) 295-5310
Facsimile: (302) 654-7530
Email: bdl@rl-legal.com
Email: gms@rl-legal.com

*Attorneys for Plaintiff*

**OF COUNSEL:**

**RM LAW, P.C.**
Richard A. Maniskas
1055 Westlakes Drive, Suite 300
Berwyn, PA 19312
Telephone: (484) 324-6800
Facsimile: (484) 631-1305
Email: rm@maniskas.com